IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

FILED

JAN 29 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| SARAH L. THORPE, | } |
| Individually and as Personal Representative | } |
| of the Estate of Peter Boyle, Deceased | } |
| 1001 New Hampshire Avenue, N.W. | } |
| Washington, D.C. 20036, | } |
| *Plaintiff,* | |
| -vs.- | Case: 1:08-cv-00170 |
| | Assigned To : Kennedy, Henry H. |
| BANNER LIFE INSURANCE COMPANY, | Assign. Date : 1/29/2008 |
| 1701 Research Boulevard | Description: Contract |
| Rockville, Maryland  20850, | } |
| Serve: CT Corporation  Systems | } |
| 1015 15th Street, NW Suite 1000 | } |
| Washington, D.C. 20005 | } |
| *Defendant.* | } |
| | } |

JURY ACTION

## COMPLAINT FOR DECLARATORY RELIEF, BREACH OF INSURANCE CONTRACT AND TORT

***COMES NOW*** the Plaintiff, Sarah L. Thorpe, individually and in her capacity as Personal Representative of the Estate of Peter Boyle, Deceased, through her undersigned Counsel, and as and for her Complaint for a Declaratory Judgment and other relief against the Defendant, Banner Life Insurance Company, states:

Nature of Action

1. This is an action for a Declaratory Judgment brought under 28 U.S.C. §2201 to determine the validity of a life insurance policy issued by Defendant Banner Life Insurance Company insuring the life of Peter Boyle, deceased, owned by Peter Boyle,

deceased, and naming Sarah L. Thorpe, Plaintiff, as beneficiary, in the face amount of One Million Dollars ($1,000,000.00). Plaintiff also seeks a judgment that Defendant has breached the insurance policy by failing to pay as agreed, and seeks monetary relief for Defendant's wrongful delay and refusal to pay on the policy.

Parties, Jurisdiction and Venue

2.  The Court has jurisdiction of this action based on 28 U.S.C. §1332, in that the Plaintiff and Defendant are citizens of different states.

3.  Sarah L. Thorpe is a citizen of Australia and a permanent resident of the United States, who is domiciled in the District of Columbia. She is the surviving spouse of Peter Boyle and was appointed Personal Representative of the Estate of Peter Boyle by the Superior Court of the District of Columbia on June 22, 2006.

4.  Peter Boyle, while living, was a citizen of New Zealand and a permanent resident of the United States who was last domiciled in the District of Columbia. He died in the District of Columbia on January 3, 2006, and his Estate has its situs in the District of Columbia.

5.  Defendant Banner Life Insurance Company is a corporation having its principal place of business in Rockville, Maryland.

6.  The amount in controversy in this matter is at least One Million Dollars ($1,000,000.00), the face value of the insurance policy in contest.

7.  Venue is proper in this District because the life insurance policy at issue in this case was applied for, contracted for and delivered in the District of Columbia, because the Defendant engages in regular solicitations and sales of life insurance policies in the District of Columbia, and because Defendant breached the contract here.

## Factual Allegations

8. On May 22, 2004, Peter Boyle, with the assistance of an insurance agent, Mr. Lawrence Schneider, submitted an application for life insurance coverage ("Application") in the face amount of One Million Dollars to Defendant Banner Life Insurance Company ("Banner").

9. In his Application Mr. Boyle named Sarah L. Thorpe, Plaintiff, to be his beneficiary on his death.

10. According to the Application, Mr. Boyle underwent a medical examination by a Banner representative on May 22, 2004 in Washington, DC. Mr. Boyle further signed and tendered an authorization to Banner to secure any and all additional medical information from any source to determine his eligibility for insurance or benefits under the policy. Mr. Boyle disclosed in his Application, inter alia, that his father had died of a heart attack at age 54.

11. Banner acknowledged receipt of the Application on June 1, 2004.

12. The Application requested issuance of the policy on August 1, 2004.

13. Banner approved Mr. Boyle's Application and issued a policy of term life insurance insuring Mr. Boyle's life on September 8, 2004.

14. The policy, identified as Policy Number 17B758759 (the "Policy"), having a face amount of One Million Dollars and a twenty-year term, bore a policy date of September 26, 2004.

15. On September 14, 2004, Mr. Boyle, as the Policy owner, accepted delivery of the Policy in the District of Columbia.

16.     Mr. Boyle died in the District of Columbia on January 3, 2006 of natural causes. At the time of his death, Mr. Boyle was approximately 41 years and ten months of age.

17.     An autopsy of Mr. Boyle's remains was performed by the District of Columbia Medical Examiner on January 3, 2006. The Medical Examiner found the cause of Mr. Boyle's death to be "Arteriosclerotic and Hypertensive Cardiovascular Disease."

18.     Plaintiff notified Banner's agent, Lawrence Schneider, of Mr. Boyle's demise on January 3, 2006. Thereafter, Plaintiff, as beneficiary of the Policy, submitted a completed Claimant's Statement and Proof of Death on April 4, 2006, and thereafter promptly submitted all requested claims information to Banner's Claims facility, CS Claims.

19.     In a letter dated February 2, 2007, more than a year after Mr. Boyle's death, Banner refused to pay Plaintiff's claim for benefits under the Policy. In the letter, Banner alleged that Mr. Boyle misrepresented facts in the Application, attempted to tender back premiums paid under the Policy, and claimed it would have declined to issue the Policy but for the alleged misrepresentations at the time of the Application. Plaintiff refused the return of premium to Mr. Boyle's Estate.

20.     On March 15, 2007, Plaintiff, through counsel, requested copies of the information on which Banner's refusal to pay benefits was based from Banner's Claims facility, CS Claims. CS Claims refused to provide any information and directed Plaintiff back to Banner.

21.     After written request on April 10, 2007, to Banner for a copy of the information on which the refusal was based, in her capacity as Personal Representative of Mr. Boyle's Estate, Plaintiff caused a subpoena to be issued from the Superior Court of the District of

Columbia, Probate Division, to Banner, for records on which the refusal to pay benefits under the Policy was based.

22. In September, 2007, Banner produced portions of its claim files to Plaintiff.

## COUNT I
### Declaratory Judgment

23. Paragraphs 1-22, above, are re-alleged and incorporated by reference as if fully set forth herein.

24. Banner's acceptance of premium and delivery of the Policy to Mr. Boyle in the District of Columbia, and Mr. Boyle's acceptance thereof, created a contract of insurance obligating Banner to pay benefits to the Policy beneficiary promptly upon the occurrence of Mr. Boyle's death from natural causes on January 3, 2006.

25. Where recovery under a policy of insurance is denied based on alleged falsity of statements in the application, D.C. Code §31-4314 permits recovery unless false statements in the application are shown to be made with intent to deceive or to have materially affected either the acceptance of the risk or the hazard assumed by the insurance company. Id.

26. Plaintiff is informed and believes, and on that basis alleges, that Mr. Boyle's statements, omissions and the disclosures that he made concerning his health condition and family history, that are alleged to be false, did not materially affect Banner's acceptance of the risk or the hazard assumed by the Defendant, and were not made with intent to deceive.

27. Banner failed to contest the Policy at any time from Mr. Boyle's first application on May 22, 2004, until February 2, 2007, more than one year after his death.

28. There is an actual controversy within the meaning of 28 U.S.C. §2201 as to the existence or validity of said Policy, and the Court should proceed to declare the rights of the parties in regard to the Policy and any recovery under the Policy.

29. If Banner has wrongly avoided or rescinded the Policy, said Policy should be reinstated and Defendant should be ordered to pay benefits under the Policy to Plaintiff.

## COUNT II
## Breach of Contract

30. Paragraphs 1-29, above, are re-alleged and incorporated by reference as if fully set forth herein.

31. By refusing to pay benefits to Plaintiff according to the terms of the Policy, Banner has breached its contract with the Policy owner and is liable in damages to the Plaintiff as beneficiary of the Policy, or to Plaintiff as Personal Representative of Mr. Boyle's Estate.

32. Plaintiff has suffered damages as a result of Defendant's breach, in an amount of no less than One Million Dollars, plus damages for delay, of approximately One Hundred Fifty Thousand Dollars.

## COUNT III
## Tortious Refusal To Pay Per The Contract

33. Paragraphs 1-32, above, are re-alleged and incorporated by reference as if fully set forth herein.

34. At all times since Mr. Boyle first applied for the Policy in May, 2004, as a consequence of his disclosures on the Application and authorization to obtain medical information, Banner and its agent had the ability to investigate and ascertain any

information they deemed material about Mr. Boyle or Mr. Boyle's health conditions that might affect Banner's acceptance of the risk prior to issuance of the Policy.

35. Defendant failed to contest the Policy or advise the beneficiary that it intended to contest the Policy and unduly delayed its decision to deny Plaintiff's claim until more than two years after Mr. Boyle's demise.

36. Upon information and belief, Defendant's denial of benefits to Plaintiff is premised in part on information concerning Mr. Boyle's health condition that developed after the effective date of the Policy and on health information that did not exist at the time of issuance of the Policy.

37. Defendant's refusal to pay the beneficiary, refusal to contest the Policy within two years of Mr. Boyle's death, refusal to provide information about the reason for its denial without causing Mr. Boyle's estate to resort to legal measures, and other onerous conduct is wrongful and unwarranted, and has caused Plaintiff and the Mr. Boyle's Estate to incur losses, including loss of the Policy proceeds, lost opportunity, prejudgment interest, attorneys' fees and costs, all amounting to at least One Hundred Fifty Thousand Dollars($150,000.00) in addition to the lost Policy proceeds of One Million Dollars.

38. Defendant's acts in refusing to pay per the Policy and other onerous and wrongful acts on the part of a life insurance company are willful, wanton, wrongful and vexatious and merit an award of exemplary damages to deter such conduct in the future by foreign insurers writing large policies of insurance insuring lives in the District of Columbia.

**WHEREFORE,** Plaintiff asks this Honorable Court:

a) As to Count I, to declare Banner Life Insurance Company Policy No. 17B758759 to be in full force and effect, or to reinstate said Policy as of the original effective date,

and to order Defendant forthwith to pay Plaintiff individually all proceeds due under the Policy, in the amount of One Million Dollars ($1,000,000.00) plus pre- and post- judgment interest from January 3, 2006 until paid;

b)    As to Count II, to enter judgment in favor of Plaintiff, individually and as Personal Representative of the Estate of Peter Boyle, jointly and severally, and against the Defendant, Banner Life Insurance Company, in the amount of One Million Dollars ($1,000,000.00) plus pre- and post- judgment interest from January 3, 2006 until paid, together with all consequential loss and damage to Plaintiff and to Mr. Boyle's Estate as may be shown to result from said breach of contract in the approximate amount of One Hundred Fifty Thousand Dollars ($150,000.00); and

c)    As to Count III,

(i)    to enter judgment in favor of Plaintiff individually and as Personal Representative of the Estate of Peter Boyle, jointly and severally, and against the Defendant, Banner Life Insurance Company, in the amount of One Million Dollars ($1,000,000.00) plus pre-judgment interest from January 3, 2006 until paid ; and

(ii)    to award to Plaintiff an additional amount of One Hundred Fifty Thousand Dollars ($150,000.00) (or such other amount as may be proved at trial) as damages for Defendant's tortious refusal to pay per the Policy and inexcusable delay; and

(iii)    To award exemplary damages in an additional amount of One Million Dollars ($1,000,000.00) against Banner Life Insurance Company to punish the Defendant and to deter such conduct in other instances.

## JURY DEMAND

Plaintiff demands trial by Jury.

                            SARAH L. THORPE
                            Individually and as Personal Representative
                            of the Estate of Peter Boyle
                            By Counsel:

*[signature]*

Anne H.S. Fraser (DC Bar # 349472)

Anne H.S. Fraser, P.C.

1320 19th Street, N.W., Suite 200

Washington, DC 20036-1637

Fax (202)466-4010

Email ahsfraser@aol.com

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Sarah L. Thorpe

11001

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  DC
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Anne H.S. Fraser, PC
1320 19th Street, N.W. Suite 200
Washington, D.C. 20036
202.466.4009

## DEFENDANTS
Banner Life Insurance Company

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Montgomery, MD
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

Case: 1:08-cv-00170
Assigned To : Kennedy, Henry H.
Assign. Date : 1/29/2008
Description: Contract

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other)   OR   ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ⦿ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☒ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding ○ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC § 1332 - INSURANCE CONTRACT

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 2,150,000   Check YES only if demanded in complaint  JURY DEMAND: YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 1/29/2008   SIGNATURE OF ATTORNEY OF RECORD [signature] #349472

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.