IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARAH L. THORPE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BANNER LIFE INSURANCE COMPANY, ) <br> 1701 Research Boulevard ) <br> Rockville, Maryland  20850 ) <br> ) <br> Defendant. ) <br> _____) | Case No. 1:08-CV-00170 HHK |

**ANSWER AND AFFIRMATIVE DEFENSES OF BANNER INSURANCE COMPANY
TO COMPLAINT OF SARAH L. THORPE**

Defendant, Banner Life Insurance Company ("Banner"), by counsel, answers the Complaint filed by Sarah L. Thorpe ("Thorpe"), and states as follows:

**ANSWERS TO SPECIFIC ALLEGATIONS IN COMPLAINT**

1. The allegations in Paragraph 1 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Banner denies them.

2. Admit.

3. Banner does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore denies them.

4. Banner does not have sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 4 of the Complaint, and therefore denies them. Banner admits that Peter Boyle ("Boyle") died in the District of Columbia on January 3, 2006, but Banner does not have sufficient knowledge or information to form a belief

as to the truth of the remaining allegations in the second sentence of Paragraph 4 of the Complaint, and therefore denies them.

5. Admit.

6. Admit.

7. Banner admits that venue is proper in the District of Columbia, but Banner does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 7 of the Complaint, and therefore denies them.

8. Banner admits that it received an application from Peter Boyle for life insurance coverage ("Application") in the face of amount of One Million Dollars, but Banner does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint, and therefore denies them.

9. Admit.

10. The best evidence of the content of Application is the document itself. To the extent Thorpe accurately describes the contents of the Application, Banner admits that allegations in Paragraph 10 of the Complaint, otherwise it denies them.

11. Banner admits receipt of the Application on or before June 1, 2004.

12. The best evidence of the content of Application is the document itself. To the extent Thorpe accurately describes the contents of the Application, Banner admits that allegations in Paragraph 12 of the Complaint.

13.     Banner admits that it issued a term life insurance policy, with an issue date of September 8, 2004, insuring Boyle the ("Policy").  Banner denies the remaining allegations in Paragraph 13 of the Complaint.

14.     The best evidence of the content of the Policy is the document itself.  To the extent Thorpe accurately describes the Policy, Banner admits that allegations in Paragraph 14 of the Complaint, otherwise it denies them.

15.     Banner admits that that Boyle signed a policy delivery receipt dated September 14, 2004.  Banner does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and therefore denies them.

16.     Banner admits that Boyle died in the District of Columbia on January 3, 2006, and that at the time of death Boyle was approximately 41 years and ten months of age.  Banner does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 16 of the Complaint, and therefore denies them.

17.     The best evidence of the findings of the autopsy of the District of Columbia Medical Examiner is the document itself.  To the extent Thorpe accurately describes the findings of the District of Columbia Medical Examiner, Banner admits that allegations in Paragraph 17 of the Complaint, otherwise it denies them.

18.     Banner does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 18 of the Complaint, and therefore denies them.  Banner denies that CS Claims is "Banner's Claims facility" as alleged in the second sentence of Paragraph 18.  Banner admits that it ultimately received a

Claimant's Statement and Proof of Death from Thorpe as alleged in the second sentence of Paragraph 18, but Banner denies the remaining allegations in Paragraph 18 of the Complaint.

19. Banner admits that it provided a letter dated February 2, 2007, to Plaintiff. The best evidence of the content of that letter is the document itself. To the extent Thorpe accurately describes the contents of the referenced letter, Banner admits that allegations in the second sentence of Paragraph 19 of the Complaint, otherwise it denies them. Banner denies the remaining allegations in Paragraph 19 of the Complaint.

20. Banner denies that CS Claims is "Banner's Claims facility" as alleged in the first sentence of Paragraph 20. Banner does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Complaint, and therefore denies them.

21. Banner admits that it received a subpoena issued from the Superior Court of the District of Columbia, but denies the remaining allegations in Paragraph 21 of the Complaint.

22. Banner admits that in September 2007, it produced documents to Thorpe pursuant to the subpoena, but denies the remaining allegations in Paragraph 22 of the Complaint.

**COUNT I**
**Declaratory Judgment**

23. Banner reasserts and incorporates by reference its responses to the allegations in Paragraphs 1 through 23 of the Complaint as if fully restated herein.

24. The allegations in Paragraph 24 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Banner denies them.

25. The allegations in Paragraph 25 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Banner denies them.

26. Deny.

27. Deny.

28. The allegations in Paragraph 28 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Banner denies them.

29. The allegations in Paragraph 29 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Banner denies them.

## COUNT II
### Breach of Contract

30. Banner reasserts and incorporates by reference its responses to the allegations in Paragraphs 1 through 30 of the Complaint as if fully restated herein.

31. Deny.

32. Deny.

## COUNT III
### Tortious Refusal to Pay Per the Contract

33. Banner reasserts and incorporates by reference its responses to the allegations in Paragraphs 1 through 32 of the Complaint as if fully restated herein.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

39. Banner denies each and every allegation in the Complaint not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Application for the Policy contained false statements or misrepresentations that materially affected the acceptance of the risk and/or the hazard assumed by Banner, and Boyle failed to disclose material facts in completing the Application.

## SECOND AFFIRMATIVE DEFENSE

Any acts, statements, representations or omissions by persons or entities other than Banner that caused damages to Plaintiff, which Banner does not concede, were not authorized by Banner and were not performed or given with the actual, implied, or apparent authority of Banner.  Alternatively, Plaintiff is not entitled to recover from Banner because Plaintiff's damages, if any, were not caused by any act or omission of Banner, or Banner's actions or omissions were not the producing cause of Plaintiff's damages, if any, or in the alternative, were caused by acts or omissions of others for which Banner had not responsibility and against which Banner could not have guarded.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by contributory and/or comparative negligence of Boyle. Boyle was negligent in failing to provide accurate answers on the Application. Had Boyle provided truthful answers on the Application, such application would have been denied. Boyle's failure to provide Banner with truthful answers was a proximate cause of Plaintiff's alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the specific terms of the Policy contract.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and allegations of willful, wanton, wrongful or vexatious conduct are barred, in whole or in part, because Banner's liability to the Plaintiff was not reasonably clear. A bona fide controversy existed and continues to exist concerning the Plaintiff's entitlement to insurance proceeds from Banner and Banner's liability, if any, has never become reasonably clear. Accordingly, Banner had a reasonable basis for denying the Plaintiff's claim.

## EIGHTH AFFIRMATIVE DEFENSE

Banner reserves the right to amend its Answer and assert additional affirmative defenses as the claims of the Plaintiff are more fully disclosed in the course of discovery in this litigation.

WHEREFORE, Defendant Banner Life Insurance Company demands judgment dismissing the Complaint in its entirety, and such other relief the Court finds just and proper.

Respectfully submitted,

/s/ Shelby J. Kelley_____
Shelby J. Kelley
Bar No. 464248
Bracewell & Giuliani LLP
2000 K Street, N.W., Suite 500
Washington, DC 20006
(202) 828-5859
(202) 857-2117 (fax)
shelby.kelley@bgllp.com

David McDowell (*to be admitted pro hac vice*)
Bracewell & Giuliani LLP
711 Louisiana Street, Suite 2300
Houston, TX  77002
(713) 221-1536
(713) 437-5381 (fax)
david.mcdowell@bgllp.com

Dated: February 28, 2008            *Counsel for Banner Life Insurance Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of Banner Life Insurance's Answer and Affirmative Defenses to Complaint of Sarah L. Thorpe was served via the Court's electronic filing system on the 28th day of February, 2008 to the following:

Anne H.S. Fraser
Anne H.S. Fraser, P.C.
1320 19th Street, N.W.
Suite 200
Washington, DC  20036

*Counsel for Sarah L. Thorpe*

                                  /s/ Shelby J. Kelley
                                  Shelby J. Kelley